IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MATTHEW NORMAN SIMPSON,  ) | |
| Petitioner,  ) | |
| v.  ) | No. 3:11-CV-1723-D |
|   ) | |
| UNITED STATES OF AMERICA,  ) | |
| Respondent.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: Petitioner is proceeding *pro se* and has filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Findings and Conclusions: At the time Petitioner filed this petition, he was a federal pre-trial detainee. He argues Respondent has violated his right to a speedy trial in *United States v. Simpson*, cause number 3:09-CR-0249-D-(06) (N.D. Tex.). He seeks release from confinement and dismissal of the charges.

On December 20, 2011, Petitioner was convicted in his criminal case. His request for pre-trial release from confinement and dismissal of the charges is therefore moot. *See Fassler v. United States*, 858 F.2d 1016, 1017-18 (5th Cir.1988) (finding habeas claims for pretrial relief are mooted by petitioner's subsequent conviction); *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th cir.1993) (same); *Williams v. Driver*, 386 Fed. Appx. 491 (5th Cir. 2010) (same). His petition should therefore be dismissed.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed as moot.

Signed this 7th day of February, 2012.

                                              PAUL D. STICKNEY
                                   UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).